IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| IN RE: | § | CHAPTER 11 |
|---|---|---|
| NEW LOUISIANA HOLDINGS, LLC, et al. | § § § § | CASE NO. 14-50756 |
| DEBTORS. | § § | (Jointly Administered) |

| IN RE: | § § | |
|---|---|---|
| CHC-CLP OPERATOR HOLDING, LLC | § § § | CASE NO. 14-51104 |
| DEBTOR. | § § | CHAPTER 11 |

| IN RE: | § § | |
|---|---|---|
| CHC-SPC OPERATOR, INC. | § § § | CASE NO. 14-51106 |
| DEBTOR. | § § | CHAPTER 11 |

| IN RE: | § § | |
|---|---|---|
| SA-LAKELAND, LLC | § § § | CASE NO. 14 – 51103 |
| DEBTOR. | § § | CHAPTER 11 |

| IN RE: | § § | |
|---|---|---|
| SA-CLEWISTON, LLC | § § § | CASE NO. 14-51102 |
| DEBTOR. | § § | CHAPTER 11 |

| IN RE: | § § | |
|---|---|---|
| SA-ST. PETERSBURG, LLC | § § § | CASE NO. 14-51101 |
| DEBTOR. | § § | CHAPTER 11 |

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CYPRESS HEALTH CARE | § | CASE NO. 14-51056 |
| HOLDINGS, LLC | § | |
| | § | |
| DEBTOR. | § | CHAPTER 11 |

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CYPRESS HEALTH CARE | § | CASE NO. 14-51055 |
| MANAGEMENT, LLC | § | |
| | § | |
| DEBTOR. | § | CHAPTER 11 |

## DEBTORS' MOTION FOR AN ORDER DIRECTING THE JOINT ADMINISTRATION OF CHAPTER 11 CASES

New Louisiana Holdings, LLC ("NLH"), and CHC-CLP Operator Holdings, LLC, CHC-SPC Operator, Inc., SA-Lakeland, LLC, SA-Clewiston, LLC and SA-St. Petersburg, LLC (collectively, the "Palm Terrace Debtors") and Cypress Health Care Holdings, LLC and Cypress Health Care Management, LLC (collectively, the "Cypress Management Debtors" and, together with NLH and the Palm Terrace Debtors, the "Debtors"), as debtors and debtors-in-possession, file this motion (the "Motion"), for the entry of an order pursuant to 11 U.S.C. § 105(a) and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") directing the joint administration of their respective Chapter 11 cases. In support, the Debtors state as follows:

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this proceeding is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. INTRODUCTION

2. Commencing on June 25, 2014 (the "Petition Date"), and periodically thereafter, NLH and certain affiliated entities filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

3. Pursuant to orders entered on July 21, 2014 and August 12, 2014, NLH's chapter 11 case is being jointly administered for procedural purposes with the chapter 11 cases of certain affiliated entities under Case No. 14-50756 (the "Main Case").

4. On August 26, 2014, the Cypress Management Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

5. On September 3-4, 2014, the Palm Terrace Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

6. Pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate any ongoing business and manage their properties, affairs and assets as debtors-in-possession.

## III. BACKGROUND

7. The Palm Terrace Debtors operate skilled nursing facilities located in Lakeland, Clewiston and St. Petersburg, Florida (the "Facilities"). The Cypress Management Debtors previously provided management services to Debtors. A more detailed description of the Palm Terrace Debtors, as well as the events leading to the commencement of its their Chapter 11 cases, is set forth in the Declaration of James A. Blalock, III (the "First Day Declaration"), which is being filed with this Motion.

## IV. RELIEF REQUESTED

8. By this Motion, the Debtors request the joint administration of their Chapter 11 cases for procedural purposes only, pursuant to 11 U.S.C. § 105(a) and Rule 1015(b) of the Bankruptcy Rules.

9. Section 105 provides that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Bankruptcy Rule 1015(b)(4) provides that:

> If a joint petition or two or more petitions are pending in the same court by or against ... a debtor and an affiliate, the court may order a joint administration of the estates.

Each of the Debtors is an "affiliate," as that term is defined in Section 101(2) of the Bankruptcy Code, of other debtors whose cases are currently being jointly administered in the Main Case.

10. In addition, the issues that will be addressed in these bankruptcy cases will, to some extent, be related and overlapping. Joint administration of these cases will obviate the need for duplicative notices, motions, applications, hearings, and orders, and will therefore save considerable time and expense for the Debtors, their estates and their investors and creditors.

11. Joint administration will not give rise to any conflict of interest among the Debtors' estates. The rights of the Debtors' respective creditors will not be adversely affected by the proposed joint administration because the Debtors will continue as separate and distinct legal entities and will continue to maintain separate books and records. Moreover, each creditor may file its claim against a particular estate. Each of the Debtors will file separate Schedules of Assets and Liabilities and Statements of Financial Affairs.

12. The rights of all creditors will be enhanced by the reduction in costs resulting from joint administration. The Court also will be relieved of the burden of scheduling duplicative hearings, entering duplicative orders and maintaining redundant files. Finally,

Motion for Order Granting Joint Administration    Page 4

14-51106 - #8  File 09/05/14  Enter 09/05/14 15:50:20  Main Document  Pg 4 of 8

supervision of the administrative aspects of these Chapter 11 cases by the Office of the United States Trustee will be simplified.

13. Joint administration of the above-captioned cases is in the Debtors' best interests, as well as those of their respective estates, creditors, and other parties in interest.

14. The Debtors propose that the following activities be joined for administrative purposes only:

> (a) one disclosure statement and plan of reorganization may be (but is not required to be) filed for the Debtors' cases by any plan proponent;
>
> (b) hearings in these jointly administered cases shall be joint hearings unless otherwise specified;
>
> (c) one consolidated docket shall be kept by the Clerk, although separate claims registers will be maintained for each of the Debtors' cases.

15. The Debtors request that the cases of the Palm Terrace Debtors be jointly administered under those under *In re New Louisiana Holdings, LLC, et al.*, Case No. 14-50756 (Jointly Administered).

16. The Debtors also seek the Court's direction that a notation be entered on the docket of each of the Debtors' cases to reflect the joint administration of these cases.

WHEREFORE, the Debtors respectfully request that the Court grant the Motion, direct the joint administration of their respective Chapter 11 cases, and grant such other and further relief as is just and proper.

Dated: September 5, 2014

Respectfully submitted,

NELIGAN FOLEY LLP

By: */s/ Patrick J. Neligan, Jr.*
    Patrick J. Neligan, Jr.
    Texas State Bar No. 14866000
    pneligan@neliganlaw.com
    James P. Muenker
    Texas State Bar No. 24002659
    jmuenker@neliganlaw.com
325 N. St. Paul, Suite 3600
Dallas, Texas 75201
Telephone: 214-840-5300
Facsimile: 214-840-5301

**COUNSEL FOR NEW LOUISIANA HOLDINGS, LLC AND PROPOSED COUNSEL FOR THE PALM TERRACE DEBTORS AND CYPRESS MANAGEMENT DEBTORS**

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2014, a true and correct copy of the foregoing document was served on each of the parties on the attached list by U.S. First Class Mail, postage prepaid.

*/s/ Patrick J. Neligan, Jr.*
Patrick J. Neligan, Jr.

Motion for Order Granting Joint Administration    Page 6
89887v.2

14-51106 - #8  File 09/05/14  Enter 09/05/14 15:50:20  Main Document  Pg 6 of 8

# PALM TERRACE DEBTORS SERVICE LIST

Office of the United States Trustee
300 Fannin Street, Suite 3196
Shreveport, LA 71101

Katten Muchin Rosenman LLP
Attn: Kenneth J. Ottaviano
525 West Monore Street
Chicago, IL 60661-3693

Belfor USA Group Inc.
185 Oakland Avenue, Suite 300
Birmingham, MI 48009-3443

Donnelly Engineering
8751 Commodity Circle, Suite 5
Orlando, FL 32819

Healthcare Services Group Inc.
3220 Tillman Drive, Suite 300
Bensalem, PA 19020

Joerns Healthcare Inc.
P.O. Box 933733
Atlanta, GA 31193

Long Term Care Nutrition
2308 Longmoore Court
Orlando, FL 32835

Maxwell Urethane Roofing Inc.
P.O. Box 150081
Cape Coral, FL 33915

Mobilex USA/Symphony Inc.
930 Ridgebrook Road, 3rd Floor
Sparks Glencoe, MD 21152

RK Collaborative
545 Delaney Avenue, Suite 7
Orlando, FL 32801

Trinity Non-Emergency Transport
P.O. Box 2005
Bartow, FL 33831

Vista Clinical Diagnostics Inc.
4290 South Hwy. 27, Suite 201
Clemont, FL 34711

Pacific Western Bank
5404 Wisconsin Ave., 2nd Floor
Chevy Chase, MD 20815

Bayfront Medical Center Inc.
701 6th Street South
St. Petersburg, FL 33701

Direct Supply Healthcare Equipment
P.O. Box 88201
Milwaukee, WI 53288-0201

Greenberg Traurig LLP
101 East College
P.O. Drawer 1838
Tallahassee, FL 32302

Hendry Regional Medical Center
524 W. Sagamore Avenue
Clewiston, FL 33440

Littler Mendelson, P.C.
P.O. Box 45547
San Francisco, CA 94145-0547

Maintenance Warehouse
P.O. Box 509058
San Diego, CA 92150-9058

Medline Industries
P.O. Box 382075
Pittsburg, PA 15251-8075

Omnicare Pharmacy
900 Omnicare Center
201 East Fourth Street
Cincinnati, OH 45202

Specialize Medical Services Inc.
7237 Solution Center
Chicago, IL 60677-7002

U.S. Foodservice
3682 Collection Center Drive
Chicago, IL 60693-0036

Florida Department of Revenue
5050 West Tennessee Street
Tallahassee, FL 32399-0100

80630v.1

Florida Department of Health
Div. Medical Quality Assurance
4052 Bald Cypress Avenue
Tallahassee, FL 32399-3260

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

American Express Finance
P.O. Box 1270
Newark, NJ 07101

Polk County Tax Assessor
430 East Main Street
Bartow, FL 33830

PrivateBank and Trust Company
120 South LaSalle Street
Chicago, IL 60603

Cannon Financial Services Inc.
14904 Collection Center Drive
Chicago, IL 60693-0149